F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPH R. LUJAN,

      Plaintiff-Appellant,

v.

MIKE JOHANNS,* Secretary, United
States Department of Agriculture,

      Defendant-Appellee.

No. 05-2239
(D.C. No. CIV-03-1163 JP/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT***

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Plaintiff Joseph R. Lujan appeals the district court's grant of summary

judgment in favor of his employer, the United States Forest Service (USFS),

---

*         On January 21, 2005, Mike Johanns became the Secretary of the United
States Department of Agriculture. In accordance with Rule 43(c)(2) of the
Federal Rules of Appellate Procedure, Mr. Johanns is substituted for
Ann Veneman as the defendant in this action.

**        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

named as a defendant through the Secretary of Agriculture. Plaintiff's complaint alleged that, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), the USFS retaliated against him for filing a race discrimination claim against it. We affirm.

I.

Plaintiff, who is Hispanic, contacted the USFS Equal Employment Office (EEO) counselor in May 2001 to commence the process of filing a racial discrimination complaint against the USFS. In August 2001, a USFS staff officer sent an email to plaintiff's supervisors complaining that plaintiff had been disruptive during a training program by passing notes to co-workers, laughing and talking during presentations, had arrived quite late to the second training day, and was careless with expensive equipment. In September 26, 2001, plaintiff's supervisors issued him a letter of warning because plaintiff had left another training session early without permission. This letter informed plaintiff that he could no longer work flexible work hours, and placed him on a standard 8:00 a.m. to 4:30 p.m. work schedule.

USFS gave plaintiff another warning letter on October 25, 2001, stating that plaintiff had abused his sick leave by calling in sick for most of that month without providing any explanation from a physician. Plaintiff was informed that he was now required to provide a doctor's explanation for his sick leave and he was placed on a six-month restrictive leave schedule. On October 31, plaintiff

was issued a ninety-day performance improvement plan (PIP), establishing specific areas of plaintiff's work performance that required improvement. In October 2003, plaintiff filed a complaint alleging that these actions constituted impermissible retaliation for commencing an EEO complaint.[1]

Title VII makes it an unlawful employment practice for an employer "to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). To succeed on his retaliation claim, plaintiff must first make a prima facie showing that: 1) he was engaged in protected opposition to discrimination; 2) he was subjected to an adverse employment action; and 3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). It is undisputed that plaintiff's EEO complaint in May 2001 constituted protected activity that satisfies the first element of this test.

The district court ruled that plaintiff did not satisfy the second element of this test, however, because the actions cited by plaintiff did not constitute adverse employment actions. On appeal, plaintiff contends that this ruling was in error, and argues these actions constituted retaliatory harassment which, in the aggregate, were sufficiently severe to constitute adverse employment action.

---

[1] Plaintiff's complaint also alleged a claim for racial discrimination, but that claim was voluntarily dismissed because it has been subsumed into a class action suit.

-3-

We review the district court's grant of summary judgment de novo, and affirm only if the record, considered in the light most favorable to the plaintiff, demonstrates that there is no genuine issue of material fact and that the defendant is entitled to a judgment as a matter of law. *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1318 (10th Cir. 2005); Fed. R. Civ. P. 56(c).

II.

To constitute an adverse employment action, "the employer's conduct must be materially adverse to an employee's job status." *Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1213 (10th Cir. 2003) (quotation omitted). "We decide whether an employment action is considered adverse on a case-by-case basis." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). "Although we will liberally construe the phrase adverse employment action, . . . the action must amount to 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or . . . causing a significant change in benefits.'" *Id*. (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237-39 (10th Cir. 2004) (applying *Ellerth*). "Mere inconveniences or alterations of job responsibilities do not rise to the level of an adverse employment action." *Id*.

Applying this standard, the district court ruled that the restrictive leave policy, the PIP and the letters of warning did not constitute adverse employment

actions because none caused a significant change in plaintiff's benefits or in his

employment status. Plaintiff concedes that these actions, considered individually,

do not constitute adverse employment actions.[2] He argues, however, that

considered in the aggregate, they demonstrate that these actions by his

supervisors had created a hostile work environment which constitutes an adverse

employment action. The district court rejected this argument, ruling as a matter

of law that these actions were not sufficiently severe to constitute retaliatory

harassment.

We have held that sufficiently severe or pervasive harassment of an

employee can create an adverse employment action. *See Gunnell v. Utah Valley*

*State Coll.*, 152 F.3d 1253, 1264-65 (10th Cir. 1998) (recognizing that

sufficiently severe co-worker hostility or retaliatory harassment may constitute an

adverse employment action for purposes of a retaliation claim if management

orchestrates or knowingly acquiesces in the harassment ); *see also Faragher v.*

*City of Boca Raton*, 524 U.S. 775, 786-88 (1998) (holding that harassment which

is severe and pervasive is deemed to affect a term, condition, or privilege of

employment). To be actionable, the alleged retaliatory harassment must be

---

[2]     Plaintiff does not raise any issue on appeal with respect to this ruling and, indeed, he made clear in his response to the motion for summary judgment that he is not asserting that these actions, individually, constitute adverse employment actions or that they individually form the basis of his retaliation claim, but rather that they constitute evidence of retaliatory hostile work environment. Aplt. App. at 83, 92, 97-98.

objectively and subjectively offensive, and "must rise to some level of substantiality." *Noviello v. City of Boston*, 398 F.3d 76, 92 (1st Cir. 2005). Courts must mull the totality of circumstances and factors, including the frequency and severity of the harassment, whether it is physically threatening or humiliating, and whether it interferes with an employee's work performance. *See id*. (adapting hostile-work-environment standards set forth in *Faragher*, 524 U.S. at 787, to retaliatory harassment claims).

The evidence presented by plaintiff in this case does not meet this standard. It is undisputed that plaintiff did not suffer any change in his employment status as a result of the actions; his job, pay and benefits all remained the same. *See Annett*, 371 F.3d at 1237 (requiring significant change in employment status for adverse employment action). None of the complained of actions are objectively or subjectively offensive; plaintiff was not subjected to any offensive remarks, physical threats or humiliation. *See Trujillo v. Univ. of Colo. Health Sci. Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998) (finding no hostile work environment under similar circumstances). There is no evidence the actions complained of affected the likelihood that the plaintiff would be terminated, undermined his position, or affected his future employment opportunities. *See Medina v. Income Support Div.*, 413 F.3d 1131, 1137 (10th Cir. 2005) (describing circumstances in which warning letters and reprimands can be adverse

employment actions). Indeed, he continued to work for the USFS and was assigned to the ranger district he requested.

In short, the evidence presented by plaintiff "portrays . . . simply a work environment that exhibits the monitoring and job stress typical of life in the real world, . . . not a hostile or abusive work environment." *Trujillo*, 157 F.3d at 1214.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge